UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BELLSOUTH TELECOMMUNICATIONS, LLC,**

      **Plaintiff,**

v.                                           **Case No:  6:13-cv-529-Orl-36DAB**

**BLC MANAGEMENT LLC and LIFECONNEX TELECOM, LLC,**

      **Defendants.**
_____/

## ORDER

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge David A. Baker.  Doc. 24.  In the Report and Recommendation, Judge Baker recommends that the Court grant the Motion for Default Judgment.  *Id.*  All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1).  No such objections were filed, and the time to do so has expired.  Upon consideration of the Report and Recommendation, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation should be adopted.

This is a breach of contract action based on diversity jurisdiction brought by Plaintiff BellSouth Telecommunications, LLC ("BellSouth"), a telecommunications services provider, against BLC Management LLC ("BLC") and LifeConnex Telecom, LLC ("LifeConnex") (collectively, "Defendants"), telecommunications carriers.  *See* Doc. 8.  BellSouth's action is based on Defendants' failure to pay for services BellSouth provided to them in accordance with the interconnection agreement ("ICA") each of them entered into with BellSouth.  *Id.*  BellSouth previously filed actions with state telecommunications commissions in Kentucky, Mississippi, North Carolina, and Tennessee to determine what amounts BLC and LifeConnex owed BellSouth

under the ICAs. *Id.* ¶¶ 24–27. Each respective commission found that BellSouth was entitled to the funds BellSouth billed to Defendants and that Defendants failed to pay. *Id.* ¶¶ 37–41.

On April 1, 2013, BellSouth filed a Complaint in this Court for breach of contract (Doc. 1), and filed an Amended Complaint on April 15, 2013, (Doc. 8). Neither Defendant responded. Accordingly, on May 9, 2013, the Clerk entered a default against Defendants (Doc. 20) at BellSouth's request and pursuant to Federal Rule of Civil Procedure 55(a).[1] Doc. 19. BellSouth subsequently filed a Motion for Default Judgment on July 25, 2013 against all Defendants. Doc. 23. Once again, neither Defendant responded to the Motion, and on January 23, 2014, Magistrate Judge Baker issued a Report and Recommendation on the Motion. Doc. 24.

Federal Rule of Civil Procedure 55(b) authorizes a district court to enter a final default judgment against a defaulting party upon application by the nondefaulting party, *see* Fed. R. Civ. P. 55(b), and confirmation that the defaulting party was properly served pursuant to the Federal Rules of Civil Procedure. Upon review, the Court agrees with the Magistrate Judge's finding that service upon both Defendants was proper as to the first Complaint as well as the operative Amended Complaint in accordance with service rules under Federal Rules of Civil Procedure 4(e) and 4(h)(1), as well as Florida Statute § 48.081(3)(a). *See* Fed. R. Civ. P. 4(e) and 4(h)(1); Fla. Stat. § 48.081(3)(a).

The Court further agrees that both Defendants breached their ICAs with BellSouth by failing to pay the fees for services provided by BellSouth. As such, the Court agrees that BLC owes BellSouth:

---

[1] Federal Rule of Civil Procedure 55(a) provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

- $6,650,553.00, plus interest, for its breach of the ICA in Mississippi;

- $3,600,132.00, plus interest, for its breach of the ICA in Kentucky;

- $15,894,723.00, plus interest, for its breach of the ICA in Tennessee; and

- $7,803,836.00, plus interest, for its breach of the ICA in North Carolina.

*See* Doc. 24 at 20.  Further, LifeConnex owes BellSouth $912,367.00, plus interest, based on its breach of the ICA in Kentucky.  *Id.*  BellSouth was asked to submit a Calculation of Interest Claimed by the Magistrate Judge within seven days of the Report and Recommendation and BellSouth has complied.  *See* Doc. 25.

In accordance with the above, it is hereby **ORDERED AND ADJUDGED**:

(1) The Report and Recommendation of the Magistrate Judge (Doc. 24) **is adopted, confirmed, and approved** in all respects and is made a part of this Order for all purposes, including appellate review.

(2) Plaintiff BellSouth Communications, LLC's Motion for Default Judgment (Doc. 23) is **granted**.

(3) Defendant BLC Management LLC is liable to Plaintiff BellSouth Communications, LLC in the amount of **$33,949,244.00**, plus pre-judgment interest in the amount of **$1,883,485.46** (calculated, as per BellSouth's Calculation of Interest Claimed, based on an interest rate of 6.25% and a per diem amount of $5,813.226712328767 from April 15, 2013 – filing date of the Amended Complaint at Doc. 8 – until March 5, 2014);

(4) Defendant LifeConnex Telecom, LLC is liable to Plaintiff BellSouth Communications, LLC in the amount of **$912,367.00**, plus pre-judgment interest in the amount of **$50,617.63** (calculated, as per BellSouth's Calculation of Interest Claimed, based on an interest rate of 6.25% and a per diem amount of

$156.2272260273973 from April 15, 2013 – filing date of the Amended Complaint at Doc. 8 – until March 5, 2014);

(5) Post-judgment interest shall accrue in accordance with 28 U.S.C. § 1961.

(6) The Clerk is directed to enter a final judgment in favor of Plaintiff BellSouth Telecommunications, LLC, and against Defendants BLC Management LLC and LifeConnex Telecom, pursuant to Federal Rule of Civil Procedure 58, terminate any pending motions and close this case.

**DONE AND ORDERED** at Orlando, Florida on March 6, 2014.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
The Honorable David A. Baker
Counsel of Record